# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| DAVID A. BARRY, | |
| Plaintiff, | Case No. 1:21-cv-06115 |
| v. | |
| FRONTLINE ASSET STRATEGIES, LLC, | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, DAVID A. BARRY, by and through his undersigned counsel, complaining as to the conduct of Defendant, FRONTLINE ASSET STRATEGIES, LLC, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DAVID A. BARRY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Burbank, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FRONTLINE ASSET STRATEGIES, LLC ("Defendant") maintains a principal place of business at 2700 Snelling Avenue North, Suite 250, Roseville, Minnesota 55113.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

8. At some point in time, Plaintiff utilized T-Mobile for his cellular telephone services.

9. Plaintiff eventually cancelled his services with T-Mobile and upon cancelling; Plaintiff verified that he had a zero balance on the account.

10. Sometime thereafter, T-Mobile alleged that Plaintiff owed an unpaid balance of $60.10 ("subject debt").

11. The subject debt was subsequently placed with Defendant for collection.

12. On September 29, 2021, Plaintiff received a telephone call from Defendant.

13. Defendant informed Plaintiff that they were seeking to collect on the subject debt.

14. The September 29, 2021 phone call with Defendant was the first communication between Plaintiff and Defendant.

15. Defendant placed further telephone calls to Plaintiff on October 14, 2021 and November 2, 2021.

16. During the November 2, 2021 phone call, Defendant verified Plaintiff's address. Plaintiff advised Defendant that he has not received any communication via mail. Defendant then advised that Plaintiff could review the account online.

17. After the phone call, Plaintiff attempted to access Defendant's website to view the information concerning the subject debt. Plaintiff accessed Defendant's website and was met by a prompt requesting the account number in order to view the online account[1]. Plaintiff never received

---

[1] https://www.payfrontline.com/

any written communication from Defendant containing the account number and therefore could not access his account online.

18.     Thereafter, Plaintiff placed a call to Defendant on November 2, 2021. During this phone call, Plaintiff requested that all communication be sent through mail and Plaintiff verified his address again. Furthermore, Plaintiff advised Defendant that he does not owe this subject debt.

19.     To date, Plaintiff has not received any written correspondence from Defendant regarding the subject debt.

20.     As a result of Defendant's failure to provide Plaintiff with information regarding the subject debt, Plaintiff was deprived of critical information required by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

21.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

22.     Section 1692g(a) provides:

(a) Within **five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

23.    Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers, including a consumer's right to dispute the validity of a debt.

24.    The required disclosures are commonly referred to as the "validation notice."

25.    Defendant violated §1692g by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff on September 29, 2021.

26.    Accordingly, Defendant failed to provide Plaintiff with critical information required by the FDCPA.

**WHEREFORE**, Plaintiff, DAVID A. BARRY requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692g(a);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of attorney's fees and costs; and

E.    an award of such other relief as this Court deems just and proper.

4

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: November 16, 2021                    Respectfully submitted,

                                            **DAVID A. BARRY**

                                            By: */s/ Marwan R. Daher*

                                            Marwan R. Daher, Esq.
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Avenue
                                            Suite 200
                                            Lombard, Illinois 60148
                                            (630) 575-8181
                                            mdaher@sulaimanlaw.com